# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| MURLIN PHILLIPS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:03 CV 00109 LMB |
| ) | |
| LARRY PLUNKETT, SR., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Presently pending is plaintiff's "Request for FRCP 60(b)(6) Relief." (Document Number 79). Defendant has not filed a Response.

In his Complaint, filed pursuant to 42 U.S.C. § 1983, plaintiff alleged that defendant showed deliberate indifference to the hazard of Environmental Tobacco Smoke (ETS) exposure by ignoring his letters and grievances and by continuing to sell tobacco in the Wayne County Jail. Defendant filed a Motion to Summary Judgment, which the court granted on March 27, 2006. (Doc. No. 59). The undersigned found that there was no genuine issue of material fact that Defendant Larry Plunkett, Sr. did not show deliberate indifference to the hazards of Environmental Tobacco Smoke exposure.

In his current Rule 60(b)(6) motion, plaintiff alleges that the undisputed evidence revealed that he was subjected to cruel and unusual punishment while confined in the Wayne County Jail due to his exposure to second hand smoke. Plaintiff states that he experiences continuing serious medical problems that developed since this suit was dismissed. Plaintiff claims that "the defenses raised and presented by the defendant and his attorney constituted a fraud against the dignity of

this court." Plaintiff requests that the court direct defendants to show cause why relief should not be granted.

Rule 60(b), which allows relief from an order due to:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

The basis for plaintiff's motion is Rule 60(b)(6)'s catch-all provision, which provides that relief may be granted for "any other reason that justifies relief." The Court notes that relief under "Rule 60(b) is an extraordinary remedy" that is "justified only under 'exceptional circumstances.'" Prudential Ins. Co. of America v. National Park Med. Ctr., Inc., 413 F.3d 897, 903 (8th Cir. 2005) (quoting Watkins v. Lundell, 169 F.3d 540, 544 (8th Cir. 1999)). Further, "[r]elief is available under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." Harley v. Zoesch, 413 F.3d 866, 871 (8th Cir. 2005).

The Rule 60(b)(6) catch-all provision is not a vehicle for setting forth arguments that were made or could have been made earlier in the proceedings. See Broadway v. Norris, 193 F.3d 987, 989-90 (8th Cir. 1999) ("In their 'motion for reconsideration,' defendants did nothing more than reargue, somewhat more fully, the merits of their claim of qualified immunity. This is not the

purpose of Rule 60(b). . . . It is not a vehicle for simple reargument on the merits.").

Plaintiff's motion merely sets forth the same arguments previously presented to and rejected by this Court. As such, plaintiff has failed to demonstrate that "exceptional circumstances" exist such that relief from this court's March 27, 2006 Memorandum and Order granting summary judgment in favor of defendant would be justified under Rule 60(b). Thus, plaintiff's motion for Rule 60(b)(6) relief will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Request for FRCP 60(b)(6) Relief (Doc. No. 79) be and it is **denied**.

Dated this   22nd   day of October, 2009.

／s／ Lewis M. Blanton
LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE